### COHEN v. LEVY et al.

(Supreme Court, Appellate Division, First Department.   March 9, 1900.)

1. JUDGMENT—OPENING OF DEFAULT.
   An application to open a default taken against plaintiff should be denied where the reasons given why the trial should not have been pressed were without weight, and there was an unwarrantable delay, not only in preparing the case for trial, but in the postponement of the application.

2. SAME—SUBSEQUENT SUIT.
   The denial of a motion to open a default taken against plaintiff does not prevent him from bringing suit subsequently.

Appeal from special term, New York county.

Action by Max Cohen, as trustee, against Jacob Levy and others. From an order opening a default taken against plaintiff, defendants appeal.   Reversed.

See 58 N. Y. Supp. 721.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Gustavus A. Rogers, for appellants.

Max Cohen, in pro. per.

PER CURIAM.   It is quite apparent from the history of this case, as shown by the plaintiff, that no diligence was used in the conduct of the action or in preparing it for trial.   The reasons given why the trial should not have been pressed are utterly without weight, and the action of the justice at the special term in requiring the plaintiff to proceed with it was undoubtedly correct.   Default was taken on the 23d of October, 1899.   Nothing in the affidavit made to open the default tends to show that any diligence was used by the plaintiff from that time until the latter part of the month of January, when he seems to have been aroused to action by the charging of costs personally against him.   The affidavits submitted by the defendants show an utterly unwarrantable delay, not only in the conduct of the case and preparing it for trial, but in the postponement of this application until it was necessary to relieve the trustee from personal liability for costs.   No reason is given why this default should be opened, and the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10. costs.   If, after this judgment is entered, the plaintiff sees fit to bring an action, there is nothing in this to prevent his doing so, upon payment of the costs, in the usual way.